DODGE (BANK OF DOVER v.). See Case No. 10,053.

---

## Case No. 3,951.

### DODGE et al. v. CARD.

[1 Bond, 393;[1] 2 Fish. Pat. Cas. 116.]

Circuit Court, S. D. Ohio. Oct., 1860.

PATENTS—PRELIMINARY INJUNCTION — INFRINGEMENT OF COMBINATION—FIRE-PLACES.

1. It is in accordance with the practice and decisions of the court to refuse a preliminary injunction if, upon the facts presented, there is a fair doubt whether the defendant has infringed.

[Cited in Cross v. Livermore, 9 Fed. 607.]

2. The law is well settled that a patent for a combination of old things. applied to produce a new and useful result, is not violated unless all the parts or elements of the combination are used.

3. When the plaintiffs' patent was for the combination of a flat, horizontal iron plate in connection with a chamber or recess below the plate. and the defendant put horizontal plates into fire-places already provided with recesses which he had no agency in constructing: *Held* that the question of infringement was so far doubted as to forbid the granting of an injunction.

In equity. This was a motion for a preliminary injunction to restrain defendant [Thomas F. Card] from infringing letters patent [No. 14,447] granted to Calvin Dodge for an "improvement in fire-places," granted March 18, 1856, one-half of which was assigned to John B. Ryan. The disclaimer and claim of the patent were as follows: "I do not claim the contracting of the vent or throat of the chimney. as that is well known as a device; but I do claim the use of a deep recess. A B C D, or chamber, placed back of the fire-basket, L, of the grate, and out of the reach of the draft, in combination with the horizontal covering F. over the recess and fire-basket. extending down below the mouth of the chimney, constructed and arranged substantially as hereinbefore described. for the purpose of consuming the smoke and

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

causing the ignition of the gas. which would otherwise be lost, and thus increasing the amount of heat thrown into the room, and by the slow combustion of the fire effecting a great saving of fuel." The defendant had letters patent for an "improvement in fire-places," dated April 17, 1860, which described an arched deflecting plate to be placed over. the fire-basket. He put up one of these plates in a fire-place where a recess back of the fire-basket had already been formed by the mason who built it. The complainants insisted that the defendant thus completed the combination patented to Dodge, by placing a horizontal cover over a deep recess. and that he was responsible for making the patented improvement.

G. M. Lee and S. S. Fisher, for complainants.

Curwen & Wright. for defendant.

OPINION OF THE COURT. The complainants have filed their bill, praying, among other things, for a provisional injunction to restrain the defendant from using or vending his improvement in chimney flues, as being an infringement of the rights of complainants. under a patent issued to the said Calvin Dodge, on March 18, 1856. They allege they are now the joint owners of the patent, and that the defendant is using and vending an improvement, substantially the same as that embraced in their patent. The defendant has not put in his answer to the bill, but appears and resists the motion for an injunction on the grounds: First. That the improvement patented to Dodge is not new. Second. That he has not infringed his right under the patent. It would not be proper. nor is it intended, in this preliminary motion, to decide definitely the merits of the controversy between these parties. The only question now to be considered is, whether the facts before the court are such as to warrant an order for an injunction. These facts are presented in the affidavits exhibited in connection with the patents granted to Dodge, and the defendant, Card. for their improvements. And in the brief statement of my views on this motion, I shall limit myself wholly to the question of infringement. It is proper here to remark that it is in accordance with the practice and decisions of this court to refuse an injunction if, upon the facts presented, there is a fair doubt whether the defendant has infringed. In my judgment, there are sufficient grounds for such a doubt in the present case, and I am clear, therefore, that it would not be proper for the court to interpose by the award of such process.

The Dodge patent, which has been referred to, embraces an invention which. though simple in its character. is undoubtedly useful. The claim of the patentee is for a combination. consisting of a flat iron plate placed horizontally above the grate, closing the throat or flue of the chimney, with the exception of

a narrow opening in front for the escape of smoke, in connection with a chamber or recess below the plate, from six to eighteen inches in depth from the front of the grate. The utility of the invention, as claimed by the patentee, consists in this—that the smoke and gas from the burning coal strike against the iron plate, and are detained in the chamber or recess below until they are partially consumed, and the heat radiates from the chamber or recess, while the unconsumed smoke escapes through the narrow opening in front; thus increasing the heat from the grate with less than the usual quantity of fuel. In April last, the defendant obtained a patent for an iron plate, to be placed in the flue of the chimney, in an arched position, so constructed as to be capable of extension, and of being adjusted to suit the dimension of any flue, without alteration. This is the only claim of his patent; and its utility consists in its adaptation to any fire-place or flue, and its effect in preventing the heat, to some extent, from escaping up the chimney. It provides for no particular mode of setting a grate, nor for any chamber or recess in the rear, which is one of the elements of the combination embraced in the Dodge patent. The only evidence before the court to sustain the allegation of the bill that the defendant has infringed the Dodge patent, is found in the affidavit of P. W. Strader. He states that he employed Card to put his patented plate in six fire-places at his dwelling-house in Cincinnati, but that Card had nothing to do with setting the grates in the adjustment of his extensible plates. It appears, however, from the affidavit of Knight, who examined these fire-places, that, as the result of putting in the defendant's plate, a recess or chamber was left in the rear of the grate, corresponding substantially with that contemplated by Dodge's improvement. It is not necessary, on this motion, to decide whether the extensible iron plate claimed by Card as his invention, and patented to him, is identical with that claimed by Dodge as a part of his combination. If it be conceded that they are substantially the same, does it necessarily follow that Card, in using one part of the Dodge combination, has infringed his patent? The law is well settled, that a patent for a combination of old things, applied to produce a new and useful result, is not violated unless all the parts or elements of the combination are used. And I can not perceive on what ground it can be claimed, that Card, in the use of his plates in the fire-places at Strader's, under the circumstances before stated, has infringed the two elements of the Dodge combination. It is true, it resulted incidentally from the use of his plates at Strader's that recesses or chambers were left in the fire-places, similar to those claimed by Dodge as a part of his invention. But Card is not responsible for this result, as he had no part or agency in the construction of those recess-

es or chambers, nor does it appear that they are necessary to the successful operation of his plates, according to the claim of his patent. But without giving a final and positive opinion on this point, I am clear in the conviction that the complainants have not made out a case justifying an order restraining the defendant from the use or sale of his plate, under the circumstances in proof before the court. On the final hearing, when the evidence shall be fully before the court, this question can be reviewed. At present, it is clear the complainants are not entitled to an injunction, and the application is therefore overruled. Whether the complainants have a remedy as for an infringement of their patent, against those using Card's plate in connection with such a recess or chamber, as that claimed by Dodge as a part of his combination, is not now before the court, and of course not for its decision. Injunction refused.